```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


WILLIAM GRANT SANDERS,

                    Plaintiff,

vs.                                  Case No.  2:10-cv-363-FtM-29DNF

ROBERT   HEMPHILL,   M.D.,   in   his
individual    capacity,     FLORIDA
DEPARTMENT OF CORRECTIONS, a State
Agency, and THE SEC'Y, of FLORIDA
DEP'T OF CORECTIONS,

                    Defendants.
_____
```

## OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Dismiss filed on behalf of Defendants Hemphill and the Secretary of the Florida Department of Corrections (Doc. #28, Motion). Plaintiff has filed a response in opposition to the Motion (Doc. #29, Response). After being granted leave, Defendants filed a reply to the Response (Doc. #32). This matter is ripe for review.

Plaintiff, who is incarcerated within the Florida Department of Corrections, initiated this action on June 8, 2012, by filing a civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint). Plaintiff is proceeding on his Amended Complaint, filed November 17, 2012 (Doc. #12, Amended Complaint). Defendants seek dismissal of Plaintiff's Amended Complaint on the basis that:

(1) Plaintiff has abused the judicial process by failing to completely disclosed his prior federal actions relating to his imprisonment or the conditions thereof; and (2) Plaintiff is barred from proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g) due to his three strike status.  Motion at 1. In particular, Defendants point out that Plaintiff wrongly denied that he ever initiated another lawsuit in state court dealing with the same or similar facts involved in this action or otherwise relating to his imprisonment, see Amended Complaint at 5, § IV, ¶A; only identified one of the two actions he filed in federal court relating to his imprisonment or conditions thereof, see Amended Complaint at 5, § IV, ¶¶B-C; and, only identified one of the two actions he filed in federal court that were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), see Amended Complaint at 5-6, § IV, ¶D.

**1.   Dismissal as Sanction**

If the Court determines that the allegation of poverty is untrue, the action is frivolous, malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss the case at anytime.  28 U.S.C. § 1915(e)(2).  Further "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)(citations

omitted). Additionally, the Court may impose sanctions, including dismissal of an action, "if a party knowingly files a pleading that contains false contentions." <u>Redmond v. Lake County Sheriff's Office</u>, 414 F. App'x 221, 225 (11th Cir. 2011)(citing Fed. R. Civ. P. 11(c)); <u>see also</u> <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998)(abrogated on other grounds by <u>Jones v. Bock</u>, 549 U.S. 199 (2007))(affirming dismissal of action where litigant lied under penalty of perjury about the existence of other lawsuit as abuse of judicial process, finding that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of judicial process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g).").

Here it is undisputed that Plaintiff did not accurately identify the correct number of cases he had filed in state and federal court and the correct number of cases which were dismissed pursuant to § 1915. Response at 2. Instead, Plaintiff points to his "9th grade education" and states that he "did not understand the gravity of an improper answer." <u>Id.</u> Alternatively, Plaintiff appears to claim that he did not understand "that he was giving an untruthful answer." <u>Id.</u> Plaintiff requests that he be permitted to amend his Amended Complaint to correct the inaccuracies. <u>Id.</u> at 3.

The questions on the complaint form are neither confusing nor ambiguous. To the extent that Plaintiff misunderstood a question,

then Plaintiff should have either indicated that he did not understand the question or sought clarification from the Court prior to responding. The Court finds Plaintiff's failure to accurately respond to the questions on the complaint form was made knowing and intentional. Here, Plaintiff did not falsely answer just one question on the complaint form but failed to accurately answer three separate questions. To the extent that Plaintiff argues that he should be allowed to amend his complaint, the Court notes that "allowing Plaintiff to amend his complaint to include [his prior] cases . . . at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Strength, No. CV 107-111, 2008 WL 319440, *2 (S.D. Ga. Feb. 1, 2008)(citing Hood v. Tompkins, No. CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006)(*per curiam*)). Consequently, the Court finds that Plaintiff has abused the judicial process by failing to accurately respond to these questions on the complaint form. Further, the Court finds that the proper sanction for Plaintiff's failure to disclose his prior filings is dismissal of the action without prejudice. See, e.g., Sill v. Marion County Jail, Case Number 5:10-cv-204-Oc-29GRJ, 2010 WL 2367237 (M.D. Fla. June 13, 2010); Crummie v. Veloz, Case Number 10-23571-CIV-Ungaro, 2010 WL 5059560 (S.D. Fla. Nov. 10, 2010); Paulcin v. McNeil, Case

Number 3:09-cv-151/LAC/MD, 2009 WL 2432684 (N.D. Fla. Aug. 6, 2009).

### 2.  **Dismissal Due to Three Strike Status**

The PLRA prohibits a prisoner from filing a § 1983 action and proceeding *in forma pauperis*, if on three or more prior occasions the prisoner filed an action or appeal that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Essentially, § 1915(g), known as the "Three Strikes Rule," only permits a prisoner to file "three meritless suits at the reduced rate." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Defendants identify the following federal cases filed by Plaintiff which were dismissed pursuant to 28 U.S.C. § 1915:

> (1) Sanders v. Armour Correctional Health Services, Case Number 9:09-cv-80448-KAM, S.D. Fla., filed March 19, 2009, and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on March 4, 2009;
>
> (2) Sanders v. Detective James Brown, et al., Case Number 9:09-cv-80450-WJZ, S.D. Fla., filed March 19, 2009, and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on April 22, 2009; and,
>
> (3) Sanders v. Judge Kastrenakes, Case Number 9:10-cv-81133-DTKH, S.D. Fla., filed September 23, 2010, and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on October 21, 2010.

Plaintiff argues that the dismissal in case number 10-cv-81133 should not count as a strike because the case was dismissed "without prejudice." The designation of "without prejudice" is not

dispositive as to whether a dismissal counts as a strike for purposes of § 1915(g). Nonetheless, the Court does not count the strike in case number 10-cv-81133 because this case was dismissed <u>after</u> Plaintiff brought the above-captioned action, albeit before Plaintiff filed his Amended Complaint in this action. <u>See</u> <u>Taylor v. Fla. Dep't of Corr.</u>, 440 F. App'x 915, *1 (11th Cir. 2011)(reversing district court counting as a strike a § 1915 dismissal which was entered after plaintiff filed his action). Consequently, at the time Plaintiff brought this action he only had two strikes against him.  Thus, the Court does not find that the above-captioned action is subject to dismissal pursuant to 28 U.S.C. § 1915(g).

ACCORDINGLY, it is hereby

**ORDERED**:

1.   Defendants' Motion to Dismiss (Doc. #28) is **GRANTED** to the extent that the Court will **dismiss this case without prejudice** as a sanction for Plaintiff's abuse of the judicial process. The Motion (Doc. #28) seeking dismissal pursuant to 28 U.S.C. § 1915(g) is **DENIED.**

2.   The Clerk shall provide Plaintiff with a blank civil rights complaint form for his use should he choose to initiate a new claim with this Opinion and Order.

3. The **Clerk** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __11th__ day of July, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record